# SULLIVAN,

## JANUARY TERM, A. D. 1847.

---

### STEVENS *v.* SABIN.

In an action by a second attaching creditor against a deputy-sheriff for not safely keeping the property attached, a satisfied judgment, obtained by the first attaching creditor against the deputy for the same misfeasance, is not conclusive as to the limit of the plaintiff's lien upon the property, and as to the damages to which he is entitled in the action, if that judgment has been reduced by a review brought by the defendant.

In such a case, the plaintiff is entitled to the benefit of the exoneration of the property, thus effected by the review, though he- had no agency in prosecuting it; nor will he, not having caused the review to be prosecuted, be charged with any of the expenses incurred by the defendant in so doing, by way of reduction of damages.

CASE, against a deputy-sheriff for not safely keeping certain personal property, attached by him at the suit of the plaintiff against James H. Bingham.

The attachment was subject to an earlier one, made in favor of Amos Lovell and wife, who had, in October, 1844, recovered judgment against the present defendant for the same misfeasance, in the sum of $317.75 damages, and $117.68 costs, which was satisfied.

The defendant reviewed the action, under the advice of Mr. Hubbard, his counsel, with the understanding that whatever might be recovered in the review should be paid to the latter, and passed to the defendant's credit in account for fees, &c., and the surplus, if any, should be paid to Mr. Gates, his other counsel. Upon this review, in the prosecuting of which the plaintiff had no agency, the

defendant recovered $228.81 damages, and $49.49 costs, and those sums were received by Mr. Hubbard.

The parties, having agreed that the plaintiff was entitled to recover $526.39 in damages, unless the result of the review ought, in the judgment of the court, to limit such damages to a smaller sum, submitted the foregoing statement of the facts.

*Cushing*, for the plaintiff.

*Hubbard*, for the defendant.

GILCHRIST, J. This is an action on the case, which is an equitable action to recover such damages as the plaintiff has sustained through the defendant's official neglect to keep safely the property which he had, as a deputy-sheriff, attached at the suit of the plaintiff against James H. Bingham.

The attachment was subject to one which had previously been made at the suit of Lovell and wife, the amount of whose claim upon the property, as perfected by the recovery of a judgment and satisfaction of an execution out of its avails, deducted from the value of the property, exhibits the limit of the damage to which the plaintiff has been subjected.

But the judgment which Lovell and wife at first recovered, and which was satisfied, by execution, out of the property attached, was afterwards reduced by a review which was instituted, by the sums of $225.81 damages, and $49.49 costs, and these sums were paid by the original plaintiffs, who were the defendants in review, to Mr. Hubbard, who carried them to the credit of Sabin on account.

The plaintiff in this action had no agency in procuring this review to be brought and prosecuted, but it was brought by the party himself, through the agency of his counsel, not apparently differing from the ordinary agency

of counsel in such cases, except that there was an express agreement that whatever might be recovered by the proceeding should primarily be applied to the credit to which it was actually applied, and the remainder, if remainder there should be, to pay the fees or other charges of Mr. Gates, who had been associated as counsel in the cause.

The question which the case presents relates to the damages to which the plaintiff is entitled: whether they are to be estimated by subjecting the property to the burden of the judgment at first recovered by Lovell and wife, or only to that of the judgment, as reduced upon the review. The benefit which the plaintiff could have taken by his attachment, in his action against Bingham, was subject to the interest acquired by Lovell and wife in their earlier attachment. That, as settled by the original judgment of those parties against this defendant, was $317.75. Did the judgment upon the review, conducted under the circumstances of the case, reducing that judgment some $225, exonerate the property to that extent in favor of the present plaintiff?

The defendant contends that the plaintiff ought not to take the benefit of a proceeding which he had no agency in commencing or prosecuting, and of which he did not assume the risks.

The defendant might, indeed, have submitted to the judgment as originally rendered; and if the only effect contemplated by the review had been merely the reduction of the damages which it established, it might not perhaps have been for his interest to institute the proceeding, if the original judgment was conclusive upon the present plaintiff, as to the extent of the rights of Lovell and wife acquired by the attachment, or if this plaintiff had been disposed to acquiesce in its results.

But such considerations are alien to the purpose, and we are only to inquire, whether the damages, which the agreement of the parties has provisionally fixed, ought to

be reduced by the consideration that by the first judgment obtained by Lovell and wife they would have been smaller by the sum of $225.81—the amount by which that judgment was diminished by the review.

Abiding by the supposition that the judgment obtained by Lovell and wife was such as to conclude the plaintiff's rights, it appears to us that it is the judgment, as finally settled upon the review, that is to have that effect, and not the original judgment.

The review reversed the original judgment, and the judgment obtained by the review took the place of the original judgment. It was obtained upon a new trial of the issue, and must be regarded as the only judgment existing, so far as regards the matter in issue. Such was the view which the court took in *Avery* v. *Holmes*, 10 N. H. 574, and there is nothing to distinguish the present case from that.

The entire absence of the plaintiff's interposition in prosecuting the review, cannot, as has been intimated, preclude his taking an obvious advantage to himself, in which the review has resulted ; nor is that advantage to be incumbered by any accounting with the defendant for the pains and expenses that he incurred in prosecuting the review. He did not do it at the request of the plaintiff, nor is there any thing in the cause to warrant us in saying that he did not do it for purposes wholly foreign to the plaintiff's interests, although the result has incidentally been favorable to them. For whatsoever purpose or from whatsoever motive the act was done, we are bound only to know that its conclusive effect was to reduce the judgment, and thus to exonerate the property to that extent; that the plaintiff, being entitled to an interest in the property, subject to the judgment of Lovell and wife, it is the final judgment, and not that which was reversed and vacated, that must indicate the amount of their incumbrance ; that this reduction of the judgment having been

procured by the defendant, without the privity or request of the plaintiff, does not preclude the latter from taking advantage of it, and is a full answer to any claim on the defendant's part to retain out of the fund a recompense or reïmbursement on account of the incidental advantage which the plaintiff has derived from his voluntary act.

*Judgment for the plaintiff upon the agreement for* $526.39.